| | |
|---|---|
| 1 | TRINETTE G. KENT (State Bar No. 025180) |
| 2 | 11811 North Tatum Blvd., Suite 3031 |
| 3 | Phoenix, AZ 85028 |
|   | Telephone:  (480) 247-9644 |
| 4 | Facsimile:  (480) 717-4781 |
| 5 | E-mail: tkent@lemberglaw.com |
| 6 | *Of Counsel to* |
| 7 | Lemberg & Associates LLC |
|   | A Connecticut Law Firm |
| 8 | 1100 Summer Street |
| 9 | Stamford, CT  06905 |
|   | Telephone:  (203) 653-2250 |
| 10 | Facsimile:  (203) 653-3424 |
| 11 | |
|    | Attorneys for Plaintiff, |
| 12 | Holly Bundock |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Holly Bundock, | Case No.: |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| GC Services, L.P.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Holly Bundock, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Holly Bundock (hereafter "Plaintiff"), is an adult individual residing in Stafford, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, GC Services, L.P. (hereafter "GC"), is a Texas company with an address of 6330 Gulfton Street, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by GC and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. GC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to the United States Department of Education (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to GC for collection, or GC was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. GC Engages in Harassment and Abusive Tactics

12. Within the last year, Plaintiff contacted GC after receiving a letter from GC stating that she owed the Debt.

13. During the initial telephone conversation, Plaintiff informed GC she had been a victim of identify fraud, that she did not incur the Debt, and that she was not financially responsible for the Debt.

14. Plaintiff further explained to GC that she had successfully disputed the Debt with the credit bureaus over a year prior.

15. Plaintiff then sent GC a written dispute of the Debt.

16. Despite receiving Plaintiff's letter, GC failed to list the Debt as "disputed" on Plaintiff's credit report.

17. Moreover, GC failed to send Plaintiff written validation of the Debt, as required by 15 U.S.C. § 1692g.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22.     The Defendants failed to report that the debt was disputed to the credit bureaus, in violation of 15 U.S.C. § 1692e(8).

23.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

24.     The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

25.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

   A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

   B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

   C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

5

D. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial;

E. Punitive damages; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: July 10, 2013                    LEMBERG & ASSOCIATES, LLC


By: __/s/  Trinette G. Kent__
Trinette G. Kent

Attorney for Plaintiff,
Holly Bundock